UNITED STATES v. HENSEL, BRUCKMAN & LORBACHER, INC.

No. 4523.—Invoices dated Krefeld, Germany, December 8, 1936, etc.
    Certified December 16, 1936, etc.
    Entered at New York January 4, 1937, etc.
    Entry No. 796148, etc.

### Third Division, Appellate Term

(Decided on rehearing [Reap. Dec. 4376] February 15, 1939)

*Webster J. Oliver*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the appellant.
*Puckhafer & Rode* (*George J. Puckhafer* of counsel) for the appellee.

Before CLINE, EVANS, and KEEFE, Judges; EVANS, J., not participating

KEEFE, Judge: These appeals for review of reappraisements by the trial court, Reap. Dec. 4209, were decided by this division of the court and published in Reap. Dec. 4376. There we held that where it is solely the province of the court to return the United States value the trial court erred in failing to make a specific finding of that value. We also held that the admission of the affidavits, Exhibits 22, 23, 24, and 25, was within the discretion of the trial court and that the weight to be accorded such evidence is for that court to determine. Upon a consideration of the evidence the lower court was reversed and the values found by the appraiser were held to be the dutiable value of the merchandise. On motion of the importer a rehearing was granted and the Government and the importer filed further briefs to sustain their respective positions.

In the foregoing decision, in ruling upon the admissibility of the affidavits known as Exhibits 22, 23, 24, and 25, this court stated:

We are of the opinion that the admission of the affidavits was within the discretion of the trial court. The weight to be accorded such evidence is for that court to determine. We are not disposed to hold that the admission of the affidavits was error because of the importer's failure to show that the testimony of the affiants at the trial could not be obtained. On the other hand, we do not feel that we should approve or countenance the trial of this class of cases upon affidavits of persons or witnesses whose attendance may be had. Such action would deny the opposite side an opportunity of cross-examining the party executing the affidavit. We think the better practice would be to require a showing that the presence in the court of the affiants could not be obtained before permitting such affidavits to be admitted in evidence.

There we stated in the language quoted above that the admission of affidavits was within the discretion of the trial court and the weight to be accorded such evidence is for the trial court to determine. We do not desire that statement to be construed as holding that affidavits should be admitted simply upon offer made and that upon appeal the division may not consider whether or not their admission or exclusion by the trial court was error. Section 501, act of 1930, pertaining thereto provides as follows:

affidavits and depositions of persons whose attendance can not reasonably be had * * * may be admitted in evidence.

The language is plain that affidavits may be admitted of persons whose attendance cannot reasonably be had. It is our opinion that, when timely objection is made to the admissibility thereof upon the ground that the attendance of the affiants might be had in court, such objection should be sustained unless and until a proper showing is made upon the part of the party offering the affidavits that the attendance at the trial of the persons executing the same cannot reasonably be had. In the event of such a showing being offered or made, it is for the court to determine whether they are to be admitted or excluded.

Here timely objection was taken to the admission of the affidavits upon said grounds and no offer or showing was made that attendance could not reasonably be had. Under such conditions the trial court should have excluded the affidavits. We are therefore of the opinion that the court below erred, first, in failing to determine the United States value of the merchandise, and second, in admitting Exhibits 22, 23, 24, and 25 over objection of Government counsel. The decision of the trial court is accordingly reversed and the reappraisements are remanded to the trial judge for all purposes for a retrial of the issues herein.

Judgment will be entered accordingly.