UNITED STATES *v.* FRANK P. DOW CO., INC.

FRANK P. DOW CO., INC. *v.* UNITED STATES

No. 7915.

Entry No. 4005.

First Division, Appellate Term

(Decided December 4, 1950)

*David N. Edelstein,* Assistant Attorney General (*Richard F. Weeks,* special attorney), for the United States.

*Lawrence, Tuttle & Harper* (*Frank L. Lawrence, Charles J. Evans,* and *George R. Tuttle* of counsel) for the importer.

Before OLIVER and COLE, Judges

OLIVER, Chief Judge: This application for review is by cross-appeals from a decision and judgment (Reap. Dec. 7645), holding the proper basis for the determination of the value of certain articles, described on the invoice as "Picture Frames & Pictures," to be the

foreign value, section 402 (c) of the Tariff Act of 1930, and that such values were 35 Mexican pesos for single portraits and 55 Mexican pesos for double portraits, packing included, plus 3.3 per centum. Two types of articles are involved herein, one consisting of the so-called "singles," containing the picture of one person, and the "doubles," which contain the picture of two persons in one frame.

The merchandise was entered at the port of Los Angeles at 35 Mexican pesos for the singles and 55 Mexican pesos for the doubles, plus 3 per centum tax, and was appraised at 47.50 Mexican pesos and 75 Mexican pesos, respectively, plus 3.3 per centum, packing included.

At the trial it was stipulated that the basis of valuation adopted by the appraiser was foreign value. Donald G. MacDonald, organizer of the Sales Forces Distributing Co., doing business under the name of Canvas Photo Enlarging Co., the importer herein, testified that these articles are referred to as sculptured portraits; that to obtain orders he shows a sample to a prospective customer; that an order is taken for the same type of work to be made from a photograph of some member of the family; that the photograph is sent to the firm in Mexico City, where the imported article is manufactured and returned to him.

The affidavit of Victor Manuel Cruz, manager of Retrate Escultura "Victor" (plaintiff's exhibit 3), which firm manufactured and sold the portraits in question, describes the method of producing these portraits as follows:

Said wood photographs or portraits are prepared and manufactured only in pursuance of orders placed in the United States and in accordance with photographs and specifications accompanying said orders, so as to represent the exact likeness of the person photographed with respect to his pose, physiognomy, costume and other visible characteristics, and every picture is different because it portrays a separate and different individual. In producing these portraits, the subject's face and upper part of the body are cut out of the photograph which accompanies the order. The figure so cut out is mounted upon a backing of wood which has been carved in bas-relief to fit the form cut out of the photograph. The photograph is then painted by artists, who color it in accordance with specifications accompanying the order. Each wood photograph is specially prepared for use of a single person in the United States ordering it.

A report of a Treasury representative dated Mexico, D. F., July 15, 1945 (defendant's exhibit 8), shows that this manufacturer produces and sells this type of merchandise both for home consumption and for exportation to the United States; that the photographs are produced in two different qualities; that the regular or standard quality is uniformly sold to wholesale purchasers, either for home consumption or for exportation to the United States, at 22.50 Mexican pesos for the singles and 40 Mexican pesos for the doubles and that any departure therefrom was due to a departure in quality; that if a better finish is desired by the purchaser, the portrait is given to

artists other than those usually employed by the manufacturer for painting and retouching the face and hands; that the uniform prices for this special quality were 35 Mexican pesos for the singles and 55 Mexican pesos for the doubles; that this importer always purchased the better or special-quality photographs; that the records of the wholesale sales by this manufacturer show no sales of the special quality to any purchaser other than the importer herein, either for home consumption or for exportation to the United States; that the manufacturer sold and offered its goods for sale without restrictions as to resale or use; that the principal market was Mexico City, D. F.; and that the price does not depend upon the quantity purchased; that most of this manufacturer's Mexican business is with consumers who want portraits of themselves and usually buy one at a time; that these Mexican consumers pay 35 Mexican pesos for a single-figure portrait and 55 Mexican pesos for a double-figure portrait; that no records were kept of the "retail sales of one or two portraits at a time to consumers," but a résumé of all wholesale sales is made a part of the report. The Mexican consumer prices, referred to in this report as "retail sales," apparently are for the regular or ordinary quality.

The above evidence stands uncontradicted in this record.

The affidavit of the seller above mentioned (plaintiff's exhibit 3) contains the following:

\* \* \* Each wood photograph is specially prepared for use of a single person in the United States ordering it.

3) It is never sold to any one except such person; it is not sold or freely offered for sale in Mexico for home consumption or for export to the United States; \* \* \*.

This statement in no way contradicts or qualifies the facts as reported by the Treasury representative in defendant's exhibit 8. The quotation above, when read in conjunction with the other evidence of record, must be considered as meaning that these portraits are specially made to order and after the order is filled no other copies of the same subject are made or sold.

In this record there are references to other manufacturers in Mexico producing superior or special-quality portraits, but there is no evidence recording sales thereof, either for home consumption or for exportation to the United States.

The importer claims that the merchandise should be valued on the basis of its cost of production, contending there is no foreign, export, or United States value for the reason that each photograph is manufactured to comply with the individual specifications of the person placing the order and is never sold to anyone except such person.

The Government claims, notwithstanding that each portrait represents a different person or a different pair, that all the sculptured

portraits are such or similar to sculptured portraits sold both in the country of exportation for domestic consumption and for exportation to the United States, and that the merchandise should be valued at its foreign or export value, whichever is higher.

It may be stated that this record does not contain any evidence that would justify the values found by the appraiser either on a foreign-value or on an export-value basis.

From a consideration of the entire record, we are satisfied that the photographs designated herein as regulars are not such as or similar to those of superior or special quality. However, we are of opinion that each single photograph is similar to every other single photograph and each double photograph is similar to every other double photograph of like quality made by this manufacturer. They are composed of the same materials; made by the same process, at approximately the same cost of production; were adaptable to the same use; and the price of one is precisely the same as the price of any other, qualified only by the fact whether they be singles or doubles. *United States* v. *Thomas & Co.*, 21 C. C. P. A. (Customs) 254, T. D. 46788; *Scharf Bros. Co. (Inc.)* v. *United States*, 16 Ct. Cust. Appls. 347, T. D. 43089.

The sales of this manufacturer to this importer, which comprise the only evidence of sales of the superior or special quality in this record, must be considered as establishing an export value for this merchandise, since they meet all of the requirements of such value as defined in section 402 (d) of the Tariff Act of 1930. *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 164, T. D. 45276. There is no evidence of any higher values for such or similar merchandise for home consumption in Mexico.

On this record we find the following facts:

(1) That the merchandise consists of cut-out photographs of superior or special quality, colored and mounted on wood, set inside a wooden frame with glass front and back, mounted on a carved wooden base, exported from Mexico.

(2) That the only purchaser of these superior or special-quality photographs, from this manufacturer, in the ordinary course of trade in the principal market of Mexico City, D. F., was the importer herein.

(3) That the superior or special-quality photographs were freely offered for sale to all purchasers for exportation to the United States at 35 Mexican pesos for single portraits and 55 Mexican pesos for double portraits, packing included, plus 3.3 per centum.

(4) That special-quality portraits, which may or may not be similar to the merchandise herein, manufactured by other manufacturers in Mexico, were sold for home consumption in Mexico, but at prices lower than those found in fact (3).

(5) That merchandise meeting the description of the imported merchandise, but of regular or standard quality, was freely offered

for sale and sold, in the ordinary course of trade, in Mexico City, D. F., both for home consumption and for exportation to the United States.

We conclude as matter of law:

(1) That standard or regular-quality sculptured portraits are not such as or similar to superior or special-quality sculptured portraits.

(2) That each single special-quality portrait is similar to every other single special-quality portrait, and each double special-quality portrait is similar to every other double special-quality portrait.

(3) That there is an export value, as such value is defined in section 402 (d) of the Tariff Act of 1930, for special-quality portraits.

(4) That there is no higher foreign value, as such value is defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, for special-quality portraits.

(5) That the proper basis for the determination of the value of this merchandise is export value, and that such values are 35 Mexican pesos for single portraits and 55 Mexican pesos for double portraits, packing included, plus 3.3 per centum.

The judgment of the court below is modified to this extent and judgment will be rendered accordingly.