(A. R. D. 52)

UNITED STATES *v.* C. R. SPRINGMAN

Entry No. 42–B, etc.

Third Division, Appellate Term

(Decided December 8, 1954)

*Warren E. Burger*, Assistant Attorney General (*Samuel D. Spector* and *Daniel I. Auster*, trial attorneys), for the appellant.
Appellee not represented by counsel.

Before EKWALL and JOHNSON, Judges

EKWALL, Judge: This is an application by the United States for review of the decision of a single judge (Reap. Dec. 8264) involving importations, consisting of picture frames and pictures on wood, imported from Mexico. Said importations consisted of articles described as "singles," "doubles," "triples," and "quadruplets." The appeal below was limited to the "singles" and "doubles." The dates of exportation of the 53 importations here involved ranged from July 1944 to September 1946. It developed at the trial before the single judge that the reason for the delay in bringing the cases to trial was the pendency of an earlier case under which appraisement of the instant entries was withheld.

The "singles" and "doubles," as the designations imply, refer to frames and pictures representing sculptured portraits of one person and those of two persons, respectively, in single frames. The appraiser found a value of 22.50 Mexican pesos each for the "singles" and 40 Mexican pesos each for the "doubles," each plus tax, packing included, as invoiced and entered. The court below found that the presumption of correctness attaching to this finding of value had not been overcome by the evidence. Whether the above values represented foreign or export value, as defined in section 402 (c) and (d) respectively, of the Tariff Act of 1930 (19 U. S. C. § 1402 (c) and (d)), as modified by the Customs Administrative Act of 1938, was not disclosed by the record as found by the judge below.

The United States, appellant herein, contended below and before this court that the proper values were 35 pesos each for the "singles" and 55 pesos each for the "doubles" on the basis of foreign value (section 402 (c), *supra*).

The record in the case of *Frank P. Dow Co., Inc., of Los Angeles, Inc.* v. *United States*, 22 Cust. Ct. 361, Reap. Dec. 7645, modified in 25 Cust. Ct. 463, Reap. Dec. 7915, was offered and received in evidence on behalf of the Government, the appellant herein, together with a Treasury representative's report (exhibit 1). It is noted that this report (exhibit 1) is the same as exhibit 8 in the incorporated record. There was also received on behalf of the appellee, over objection on the part of the Government, an affidavit submitted by him to the court (exhibit A). The court below justified the admission of this affidavit on the ground that 28 U. S. C., section 2633, provides as follows:

In finding the value of merchandise, in reappraisement proceedings before a single judge of the Customs Court, affidavits and depositions of persons whose attendance cannot reasonably be had, price lists and catalogues, reports or depositions of consuls, customs agents, collectors, appraisers, assistant appraisers, examiners, and other officers of the Government may be admitted in evidence. * * *

In view of this statutory exception to the hearsay rule, the learned judge below held:

The Court, being convinced that the appearance of affiant Springman could not reasonably be had when the case was called for hearing, and the statute not requiring him for that reason to seek a continuance of the litigation, the affidavit identified as defendant's exhibit A is clearly admissible as evidence and is deserving of being accorded such weight as the court deems it warrants.

The court further held, however, that in view of the record, it was unnecessary to consider the merits of the affidavit.

The circumstances surrounding the offering of said affidavit, as they appear of record, are as follows: Appellee herein states in said affidavit that his place of residence is Brownsville, Tex. The instant case was heard and submitted at Brownsville, Tex. The reason for

the submission of said affidavit to the court below was given by appellee, affiant, as due to the fact that he had made preparations to leave this country for Europe and would be absent from the country at the time of trial. The trial of this case was originally set for May 28, 1952, at Brownsville. From the statements of Government counsel at the hearing, it appears that as early as the latter part of January 1952, the appellee communicated with the court stating that he intended to be in Europe at the time of said trial and requested information as to whether it would be permissible to submit his case upon an affidavit, together with a letter from the manufacturer. Upon being advised that such a course might be subject to objection on the part of the Government, appellee, in the latter part of January 1952, communicated with counsel for appellant, requesting to be informed whether, among other things, there would be any objection on the part of the Government to his submission of his case upon an affidavit and whether Government counsel had any suggestions as to a stipulation "which will lead to a quick conclusion of this case." In reply thereto, he was informed that counsel in charge of the litigation was of the opinion that such affidavit would not be admissible, since appellee's presence might reasonably be had at the port of entry. Further, he was informed that a stipulation might be entered into under certain circumstances outlined to him. It was suggested in the course of this correspondence that appellee request a continuance of the case. Thereafter, appellee sent to the court in a letter, mailed May 18, 1952, the affidavit here in dispute.

It is contended on behalf of the Government that the receipt of said affidavit precludes the Government from cross-examining a party to the action upon evidence which said party seeks to offer by means of this affidavit. Objection is also made to the receipt of said affidavit on the ground that some of the allegations therein relate to conversations with others, which would further render the affidavit inadmissible. Counsel for the Government contend that while ordinarily affidavits are admissible under section 2633, *supra*, the language of that section is such that it was intended to be confined to witnesses only and not to parties to a suit. That is, it was the intent of Congress to permit such affidavits to be received in evidence in order to assist a party to the litigation, whose witnesses would necessarily have to travel a long way in order to be present, and who, having no interest in the subject matter, might be unwilling or reluctant to travel such distances to testify. In such cases, the litigants could obtain affidavits in lieu thereof. Appellant further contends:

* * * This is especially true because values are established under the provisions of Section 402 of the Tariff Act of 1930, as amended, necessitating proof of market conditions, sales, and offers in foreign countries, which obviously would be impossible or difficult to obtain. Such a condition does not exist wherever the parties to the litigation are involved. An importer, and party to the action,

has the right to designate the citus [*sic*] of the trial, which is usually at the place where he resides or does business, or where the merchandise was entered. Therefore, he is, or should be, always available for trial.

In the case at bar, the merchandise was entered at Brownsville, Texas. The case was tried at Brownsville, Texas. The letter above referred to is dated and postmarked Brownsville, Texas. However, C. R. Springman decided to go to Europe instead of personally defending the suit herein. Instead of attending the trial, he mailed his affidavit, sworn to in Brownsville, Texas, on May 2, 1952, to the Court. He could have asked, and obtained, a continuance, to which Government counsel would have consented. To condone such action on the part of a party to an action would lead to absentee parties in future litigations, and the indiscriminate use of affidavits instead of personal appearances, so that the opposing party would lose the right of cross-examination, which was not, and could not have been the intent of Congress in the enactment of the said provision of the law providing for the use of affidavits in reappraisement trials. (Section 501, Tariff Act of 1930, and Section 2633, Title 28, U. S. Code.)

Further, in support of their objection, Government counsel discuss the legislative history of section 2633, *supra*, and its predecessors, and quote the following from the Hearings before the Senate Finance Committee, 1913, schedules M and N, free list, customs administration, etc., page 2188, as follows:

\*       \*       \*       \*       \*       \*       \*

It is questionable whether the amendment herein proposed does not go too far in permitting the use of ex parte affidavits in the discretion of the general appraiser or board, but as the desired evidence is frequently non existent in the United States, and according to the regular law all foreign evidence would have to be taken by deposition at any rate, and, as depositions, are not a very satisfactory method of taking testimony, and occupy much more time and formalities than an affidavit, it is thought best, in the interests of prompt procedure, to permit the use of ex parte affidavits, provided they be presented and scrutinized in public hearings.

(Hearings before Senate Finance Committee, 1913, Schedules M and N, Free List, Customs, Administration, etc. Page 2188.)

In *United States* v. *Hensel, Bruckmann & Lorbacher, Inc.*, 1 Cust. Ct. 591, 593, Reap. Dec. 4376, the court, in discussing section 501, Tariff Act of 1930 (now 28 U. S. C., section 2633, *supra*), used the following language:

This provision is a statutory relaxation of the rules of evidence. No doubt Congress, in providing for their admission in value cases, had in mind persons who were not within the jurisdiction of the court and whose presence could not be obtained without incurring unwarranted expense. Therefore, because of the foregoing section, in reappraisement of importations a rather wide latitude is allowed in the admission of evidence to establish value.

We are of the opinion that the admission of the affidavits was within the discretion of the trial court. The weight to be accorded such evidence is for that court to determine. We are not disposed to hold that the admission of the affidavits was error because of the importer's failure to show that the testimony of the affiants at the trial could not be obtained. On the other hand, we do not feel that we should approve or countenance the trial of this class of cases upon affidavits of persons or witnesses whose attendance may be had. Such action

would deny the opposite side an opportunity of cross-examining the party executing the affidavit. We think the better practice would be to require a showing that the presence in the court of the affiants could not be obtained before permitting such affidavits to be admitted in evidence.

On appeal to a division (2 Cust. Ct. 846, Reap. Dec. 4523), the court, in considering the question of the admissibility of affidavits in reappraisement cases, said:

> The language is plain that affidavits may be admitted of persons whose attendance cannot reasonably be had. It is our opinon that, when timely objection is made to the admissibility thereof upon the ground that the attendance of the affiants might be had in court, such objection should be sustained unless and until a proper showing is made upon the part of the party offering the affidavits that the attendance at the trial of the persons executing the same cannot reasonably be had. In the event of such a showing being offered or made, it is for the court to determine whether they are to be admitted or excluded.
>
> Here timely objection was taken to the admission of the affidavits upon said grounds and no offer or showing was made that attendance could not reasonably be had. Under such conditions the trial court should have excluded the affidavits. We are therefore of the opinion that the court below erred, first, in failing to determine the United States value of the merchandise, and second, in admitting Exhibits 22, 23, 24, and 25 over objection of Government counsel. * * *

The admission of these affidavits is made discretionary with the single judge. In the instant case, he held that "although recognizing the validity of defendant's affidavit as evidence, it is not necessary here to consider its merits." It is, therefore, plain that such admission of evidence worked no injury to appellant herein. Testimony which, if improperly admitted, did no injury, constitutes no reason for reversing the judgment. *Cavazos* v. *Trevino*, 6 Wall. 773, and *Mining Co.* v. *Taylor*, 100 U. S. 37. See also *Iron Silver Mining Co.* v. *Mike & Starr Gold & Silver Mining Co.*, 143 U. S. 394. See also *United States* v. *Ballinger*, 35 App. D. C. 436; and *Lynch* v. *Grayson*, 5 N. M. 487, 25 Pac. 992, holding where a court decides both questions of law and fact, admission of incompetent evidence is not a ground for reversal, unless it appears that the court relied on it; and *Mitchell* v. *Beckman*, 64 Cal. 117, 28 Pac. 110, to similar effect.

Therefore, although we are not in accord with the ruling of the judge below as to the admissibility of this affidavit, we hold that such ruling does not constitute reversible error.

A consideration of the evidence produced on behalf of the Government, appellant, consisting of the record in the incorporated case and the Treasury representative's report (exhibit 1), convinces us that there was substantial evidence to support the finding of the judge below on the merits. As held by the trial judge, the record in the incorporated case throws little light upon the issue here presented. This is especially true in that counsel for the Government had no knowledge as to whether the merchandise there involved was of the same quality as that now before us. In fact, it was his belief that the

pictures in the incorporated record were a "special quality" rather than the "regular or standard quality" merchandise covered by the instant importation.

An examination of the report of the Treasury representative discloses, as found by the court below, that it is insufficient to overcome the presumption of correctness attaching to the appraiser's finding of value. It deals with only the period from the latter part of April 1944 through the middle of June 1945, whereas the instant merchandise was exported during the period from July 1944 to September 1946, and is silent as to whether prices had changed during the period from June 1945 through September 1946. Further, it is shown by the statement and list of sales, covering the period to June 1945 that no records were kept of retail sales but only of wholesale transactions. Sales of regular or standard quality articles of this type are shown to have been consistently made at 22.50 Mexican pesos each for the singles and 40 Mexican pesos each for the doubles, as found by the appraiser and as invoiced and entered in the instant case.

Upon the record, we find that there is substantial evidence to support the finding of the single judge below that appellant has failed to meet the burden of overcoming the presumption of correctness attaching to the appraiser's finding of value. 28 U. S. C., section 2533, provides in part:

The value found by the appraiser shall be presumed to be the value of the merchandise. The burden shall rest upon the party who challenges its correctness to prove otherwise.

Based upon the record before us, we find as facts:

(1) That the merchandise consists of picture frames and pictures made of wood, imported from Mexico, described as "singles" and as "doubles."

(2) That the prices at or about the dates of exportation of the imported merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, were 22.50 Mexican pesos each for the "singles" and 40 Mexican pesos each for the "doubles," each plus tax, packing included.

We conclude as a matter of law:

(1) That the record fails to establish whether foreign value or export value, as defined in section 402 (c) and (d), respectively, of the Tariff Act of 1930 (19 U. S. C. § 1402 (c) and (d)), as modified by the Customs Administrative Act of 1938, is the proper basis of value for the involved merchandise.

(2) That the values set out in finding of fact No. 2 above, and as invoiced, entered, and appraised, are the proper values for the merchandise.

The judgment of the tr... court that the values found by the appraiser are the proper val... s of the merchandise involved is, therefore, affirmed.

Judgment will be rendere... .ccordingly.